IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. HAYWOOD, B44617,      ) | |
|                                              ) | |
|               Plaintiff,         ) | |
|                                              ) | |
| vs.                                     ) | Case No. 20-cv-1238-NJR |
|                                            ) | |
| JOHN DOES #1-#7, and          ) | |
| LT. BAYLER,                      ) | |
|                                          ) | |
|               Defendants.      ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management. Plaintiff John D. Haywood filed this *pro se* civil rights action on November 16, 2020 (Doc. 1). Before the initial merits screening was completed, a suggestion of death was filed in Haywood's other pending case in this district, stating that Haywood passed away on March 28, 2021. (Doc. 82 in *Haywood v. Shef, et al.*, Case No. 18-cv-527-GCS). On April 2, 2021, the Court ordered that Haywood's successor(s) or representative(s) had 90 days to file a motion for substitution in this case if they wanted to proceed with the action. (Doc. 11). That Order was sent to Haywood's next of kin at the only known address for Haywood (his prison address) and was returned as undeliverable. (Doc. 13).

The deadline for a motion for substitution was extended twice, to comport with the extensions granted in Case No. 18-cv-527-GCS, where appointed counsel was diligently attempting to locate Haywood's next of kin. (Docs. 14, 15). The orders extending the deadline were forwarded to Plaintiff's counsel in the other case so that the

information might be transmitted to Haywood's prospective successor/representative. A motion to substitute party was due no later than August 31, 2021. (Doc. 15).

On August 31, 2021, appointed counsel in Case No. 18-cv-527-GCS filed a motion to substitute party in that action, stating that Haywood's cousin by marriage had interest in pursuing the claims in that case. (Doc. 88 in Case No. 18-cv-527-GCS). However, no motion to substitute has been filed to date in this case. Accordingly, the Court concludes that Haywood's next of kin has no interest in maintaining this action.

**IT IS THEREFORE ORDERED** that this entire action is **DISMISSED with prejudice** for failure to prosecute. (*See* Docs. 11, 14, 15); FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. As a courtesy, the Clerk of Court is further **DIRECTED** to send a copy of this Order to Haywood's counsel in Case No. 18-cv-527-GCS, Lindsey Hogan, 311 S. Wacker Drive, Suite 4300, Chicago, IL 60606, Lindsey.hogan@faegredrinker.com.

**IT IS SO ORDERED.**

DATED: September 22, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**